UNITED STATES (BOYD v.). See Case No. 1,749.

## Case No. 14,632.

UNITED STATES v. BOYDEN et al.

[1 Lowell, 266.] [1]

Circuit Court, D. Massachusetts.  July, 1868.

INTERNAL REVENUE — CONSPIRACY TO DEFRAUD — INDICTMENT—DESCRIPTION—CAPTION—REVENUE OFFICER—NEW TRIAL—JUROR ASLEEP.

1. In an indictment under the act of March 2, 1867, § 30 (14 Stat. 484). for a conspiracy to defraud the United States, the subject-matter of the conspiracy is sufficiently described as, "the taxes arising from and imposed by law upon certain divers proof gallons and quantities of distilled spirits, distilled in the United States, then and there situated in certain bonded warehouses," describing the warehouses. The precise kinds, quantities. and qualities of spirits need not be stated, because the description is sufficient to show that the goods were liable to taxes.

[Cited in U. S. v. Sanche, 7 Fed. 720.]

2. The overt acts need not be laid as having been done "to effect the object" of the conspiracy, although these are the words of the statute; it is enough to say that they were done "in pursuance" thereof, which are the usual words in conspiracy.

[Cited in U. S. v. Bayer, Case No. 14,547; U. S. v. Rindskopf, Id. 16,165; U. S. v. Nunnemacher, Id. 15,903; U. S. v. Stevens, 44 Fed. 141.]

3. An officer of the revenue may be joined with other persons in such an indictment, without charging him as an officer, notwithstanding that by the act of March 31, 1868, § 6 (15 Stat. 60), such an officer is liable to a greater penalty than other persons. But under such an indictment he can only be sentenced to the lesser punishment.

4. The caption of the indictment may be referred to to show that the United States mentioned in the body of the indictment are the United States of America.

5. If a defendant is aware that one of the jurors is asleep during some part of the trial, he should call attention to the fact at the time. It is not ground for a new trial if first brought forward after verdict.

The defendants [J. A. Boyden and others] were indicted under Act March 2, 1867, § 30 (14 Stat. 484), for a conspiracy to defraud the United States of the taxes arising from and imposed by law upon certain divers proof gallons and quantities of distilled spirits, distilled in the United States, then and there situated in certain bonded warehouses (described). The indictment contained twelve counts, and filled sixty-two folio pages, reciting in great detail the mode in which the alleged conspiracy was carried into effect. After a general verdict of guilty against Boyden and Cleaves [Case No. 16,669]. the former moved in arrest of judgment, and the latter in arrest and for a new trial. Cleaves was a revenue officer, but was not charged as such in the indictment.

H. W. Paine and R. M. Morse, Jr., for Boyden.

(1) The description of the goods is not sufficient; neither quantity nor quality is given, and nothing by which they can be identified. The decision in Reg. v. Blake, 6 Q. B. 126, which sustains such an indictment, has been doubted by the best text writers. And see Reg. v. King, 7 Q. B. 795.

(2) The overt acts are laid as having been done "in pursuance" of the conspiracy, while the language of the statute, which should have been strictly followed, is "to effect the object" of the conspiracy.

G. A. Somerby and L. S. Dabney, for Cleaves.

Besides the objections already taken, Cleaves relies upon others:

[1] [Reported by Hon. John Lowell. LL. D.. District Judge, and here reprinted by permission.]

(1) The evidence showed him to be an officer of internal revenue. Now, by St. March 31, 1868, § 6 (15 Stat. 60), such an officer, who shall conspire or collude with any other person to defraud the United States, shall be held to be guilty of a misdemeanor, and on conviction, is liable to an imprisonment of three years, which exceeds the maximum of punishment under the act of 1867, and therefore repeals it so far as officers are concerned.

(2) The person whom it was intended to defraud is ill laid in the indictment, which charges that the "United States," instead of the United States of America, were the objects of the conspiracy.

(3) One of the jurors was asleep during a part of the trial.

G. S. Hilliard, U. S. Dist. Atty., and H. D. Hyde, Asst. U. S. Dist. Atty.

LOWELL, District Judge. The goods are sufficiently described to show that they were liable to a tax. The internal revenue laws tax all distilled spirits as such, without further description, and with a few trifling exceptions, which are strictly exceptions, so that even in an indictment for distilling without due authority, it is not essential to describe the particular kind of spirits. The case of Reg. v. Blake, 6 Q. B. 126, is remarked upon by Sir W. Russell, in the late edition of his work on Crimes (vol. 3, p. 152, note), on the ground taken at the argument of the case itself, that "certain goods" did not show that they were in fact dutiable. It was admitted in that argument that a description like the one in Rex v. Everett, 8 Barn. & C. 114, "certain goods and merchandises, to wit, spirituous liquors," would have been well enough. A more accurate description is not required, because the corrupt agreement is the gist of the offence, and it may be, as was the fact here, that the parties had not the precise bales or packages of goods in view when they made the agreement. Quantity and quality are not important in a case of this kind, and the description used in the statutes imposing the tax is sufficient. In the case cited from 7 Q. B., the persons intended to be defrauded were merely described as certain liege subjects of the queen, being tradesmen. The simple mode of describing a person is to name him, or if he is unknown, to allege the fact, but to designate goods by their statutory and commercial name is enough.

The rule of pleading which requires a crime created by statute to be laid in the very words of the statute, has perhaps been carried too far in some cases. But it has no proper bearing upon the second point taken here, because the acts set out are no part of the offence, and may in themselves be innocent. The purpose of the law is that a mere agreement, however corrupt, shall not be punished as a crime, unless it has led to some overt act; and any form of language which shows that such an act has been done to carry out the agreement, is sufficient. Thus in treason, the overt act is never charged to be an "open deed," nor is it usually alleged that the compassing, &c., were expressed in any "overt act or deed" in the exact language of 25 Ed. III., or 36 Geo. III., c. 7. So in New York and New Jersey, where the statutes require some act to be done to "effect the object" of the conspiracy, indictments follow the more usual language adopted in this case, and charge the acts as having been done "in pursuance" of the agreement: People v. Fisher, 14 Wend. 9; People v. Chase, 16 Barb. 495; State v. Norton, 3 Zab. [23 N. J. Law] 33.

In Cleaves's case, the fact that he is an officer does not require the government to charge him as such. He is still a person, and if the government is content with the lesser punishment, they may proceed under the general statute. It has been the practice in this court, under the post-office acts, which punish clerks and other persons employed by the department much more severely for tampering with the mails than persons not under any such engagement, to proceed against clerks, where justice seemed to require it, without charging them in their official capacity. Under St. 52 Geo. III. c. 143, a similar practice was upheld. Rex v. Salisbury, 5 Car. & P. 155; Rex v. Brown, cited Russ. & R. 32, note a, and more fully, 2 Russ. Crimes (4th Ed.) 570. So 7 & 8 Geo. IV. c. 29, § 46, punishes very severely servants who steal from their masters; and it was held that a servant might be convicted of a simple larceny. Reg. v. Jennings, Dearsley & B. Crown Cas. 447. Where the act may be charged as an offence against two different statutes, as, for instance, where the conspiracy and the completed offence are separate crimes, or where the crime charged includes in its definition one of less magnitude, the conviction may be of either crime. Bank Prosecutions, Russ. & R. 378; State v. Parmelee, 9 Conn. 259; Reg. v. Neale, 1 Car. & K. 591; 1 Denison, Crown Cas. 37. Indeed, in one case it appears to have been held that a defendant who has by one act contravened two statutes, may be convicted under both. State v. Sonnerkalb, 2 Nott & McC. 280. Moreover, in this case the offence must be laid under the act of 1867, which is the only statute of the United States defining conspiracy. The statute of 1868, which punishes officers for that crime, does not define it, but leaves us to the common law, or the statute of 1867, to ascertain what it is. It cannot be the common law, because this would make officers liable without an overt act, while the persons with whom they conspire are not guilty until something has been done to effect the object of the conspiracy; and this cannot be presumed to have been the intention of congress. So that the true construction of both statutes is, that if two

or more persons conspire to defraud the United States, and either of them commits an overt act, and one of them is an officer, the latter is liable to a more severe punishment. But he must be indicted under the earlier act, or under both together, and this is at the option of the prosecutor. If he elects not to charge the defendant as an officer, he can ask only the lighter sentence.

I have fully considered the evidence and arguments bearing upon the motion to set aside the verdict against Cleaves. It is not denied that he did several acts which were contrary to his duty as an officer; but it is urged that these may not have been done as part of the conspiracy, and that he may have been merely bribed. The acts being proved, and some of them having a tendency to aid the conspiracy, and no other probable or possible motive being shown but to aid it, the jury, under the instruction that any act done in furtherance of the corrupt agreement, with knowledge of its existence, would make the person doing it a conspirator, were well warranted in finding as they did.

Upon referring to the caption of the indictment, it seems that the United States mentioned in the body of that instrument are the United States of America.

If one of the jurors was asleep, the defendant should have called attention to the fact at the time. There is no suggestion that it is newly discovered, and I cannot now say that the defendant may not have thought his interests were promoted by the actual course of the trial in this respect. Motions denied.