## UNITED STATES *v.* STEVENS *et al.*

*(District Court, D. Minnesota.* November 5, 1890.)

1. CONSPIRACY—VIOLATING CENSUS LAWS.
     Persons who conspire to commit the acts made misdemeanors by section 13 of the census act, (Act U. S. March 1, 1889,) with another person who is capable of committing the offense defined therein, may be punished under Rev. St. U. S. § 5440, which provides that if two or more persons conspire to commit an offense against the United States, and one or more do any act to effect that object, all shall be liable to a penalty, though they themselves are incapable of committing the offenses defined in section 13.

2. SAME—INDICTMENT.
     In an indictment for conspiring with a census enumerator to insert a certain number of false and fictitious names in the census schedules, it is sufficient to state a few only of the names alleged to have been so wrongfully inserted by the enumerator, as certainty to a common intent is all that is required in an indictment for conspiracy.

At Law.    Demurrer to indictments.

This indictment charges the defendants as follows:

*"District of Minnesota—ss.:*

"The grand jury of the United States of America, within and for said district, on their oath present that heretofore, to-wit, on the second day of June, in the year of our Lord one thousand eight hundred and ninety, at the city of Minneapolis, in this district, Edward A. Stevens, Thaddeus S. Dickey, Louis E. Strum, and other persons to the grand jurors aforesaid unknown, meditated and devised a scheme to procure false, exaggerated, and fictitious schedules and returns of the population of said city on the first day of June, in the year of our Lord one thousand eight hundred and ninety, to be made and forwarded to the supervisor of the second census district of Minnesota by the several enumerators employed, and to be employed, to take the eleventh census of the United States within said city.    That on said second day of June one Edward J. Davenport was one of the supervisors of census, to-wit, the supervisor of census within and for the second supervisor's district of Minnesota, duly appointed, qualified, and acting as such, under and pursuant to the provisions of an act of congress of the United States, to-wit, an act entitled 'An act to provide for taking the eleventh and subsequent censuses,' approved March first, A. D. one thousand eight hundred and eighty-nine, and one Louis E. Strum was an enumerator duly employed, appointed, and qualified, and acting as such, under and pursuant to the provisions of said act, within and for a certain subdivision of and within said census district, to-wit, subdivision number 367; he, the said Louis E. Strum, lately before then, to-wit, on said second day of June, having taken and subscribed the oath required by [section eight of] said act.

"That the said Louis E. Strum on said second day of June had in his custody and possession, as such enumerator, divers, to-wit, three hundred, blank schedules of the form approved by the secretary of the interior to be filled in the course of the enumeration to be by him made, according to the provisions of said act, and being the same blank schedules that had been issued, pursuant to the provisions of said act, from the census office, and to him, the said Louis E. Strum, before then, lately, to-wit, on said second day of June, transmitted and delivered by said supervisor of census.

"And the jurors aforesaid, upon their oath aforesaid, do further present that afterwards, to-wit, on the said second day of June, in the year of our Lord

one thousand eight hundred and ninety, at the city of Minneapolis, in this district, the said Davenport still being and acting as the supervisor of census within and for said census district, and the said Louis E. Strum still being and acting as an enumerator within and for his said subdivision, and still having in his custody and possession as such enumerator the said blank original schedules, the same being of the kind and form known as 'Schedule No. 1,' and relating to and containing inquiries touching and concerning population and social statistics, Edward A. Stevens, Thaddeus S. Dickey, and the said Louis E. Strum, yeomen, late of said city, together with other evil-disposed persons whose names are as yet to the jurors aforesaid unknown, did unlawfully and maliciously conspire, combine, and confederate together and with each other, in and upon one of said schedules then and there unlawfully, willfully, and knowingly to put, place, insert, and write the following imaginary, false, and fictitious names of persons, that is to say: Gordon Douglas, Grace Douglas, David Douglas, Belke Douglas, Robert Douglas, Mary J. Douglas, Ann F. Douglas, William Douglas, Andrew Douglas,—in the several blanks left and provided thereon for the names of persons respectively to be enumerated thereon, pursuant to the provisions of said act, and imaginary, false, pretended, and fictitious answers, items of information, particulars, facts, and statistics in the several blanks left and provided in said blank schedule for answers to the several inquiries respectively set forth and contained therein concerning the persons to be enumerated thereon, and required by said act to be answered in and upon said schedule, and the same schedule afterwards, to-wit, on said day, with said names and said imaginary, false, pretended, and fictitious answers, items of information, particulars, facts, and statistics, put, placed, inserted, and written therein in manner and form aforesaid, to willfully and knowingly duly certify, and have and procure to be duly certified, in form of law, by him, the said Louis E. Strum, as enumerator, as aforesaid, within and for said subdivision, and the same schedule filled and certified as aforesaid, afterwards, to-wit, at said city of Minneapolis on said day, to unlawfully, knowingly, and willfully forward, with other like schedules, to the said supervisor as his, the said Louis E. Strum's, returns under the provisions of said act, they, the said Edward A. Stevens, Thaddeus S. Dickey, and Louis E. Strum, then and there, to-wit, when they conspired, combined, and confederated together as aforesaid, well knowing that the said names, answers, items of information, particulars, facts, and statistics, and each and every one of them, were imaginary, pretended, false, and fictitious, and that none of said imaginary, pretended, and fictitious persons were, on the first day of June in the year of our Lord one thousand eight hundred and ninety, or ever, residents or inhabitants of his, the said Louis E. Strum's, said subdivision; and he, the said Louis E. Strum, not having obtained said names, answers, items of information, particulars, facts, and statistics, or any or either of them, by any inquiry made by him, the said Louis E. Strum, of any one, nor by visit by him, the said Louis E. Strum, personally to any dwelling-house or family in his said subdivision, nor in the course of enumeration or canvass by him, the said Louis E. Strum, of his said subdivision, as they, the said Edward A. Stevens, Thaddeus S. Dickey, and Louis E. Strum, then and there well knew.

"That afterwards, to-wit, on the said second day of June, in the year of our Lord one thousand eight hundred and ninety, at the city of Minneapolis, in said district, pursuant to said conspiracy, and to promote and effect the object thereof, the said Louis E. Strum, he, the said Louis E. Strum, still being and acting then and there as enumerator, as aforesaid, within and for his said subdivision, and still having in his custody and possession, as such enumerator, the said schedules, and the said Davenport still being and acting then and there as supervisor of census within and for said second census dis-

trict, in and upon one of said blank schedules, to-wit, the blank schedule last hereinbefore mentioned, did then and there unlawfully, willfully, and knowingly put, place, insert, and write the several imaginary, false, and fictitious names aforesaid, in the several blanks left and provided thereon for the names of persons respectively to be enumerated thereon, pursuant to the provisions of said act, and divers imaginary, false, pretended, and fictitious answers, items of information, particulars, facts, and statistics in the several blanks left and provided in said blank schedule for answers to the several inquiries respectively set forth and contained therein concerning the persons to be enumerated thereon, and required by said act to be answered in and upon said schedule.

"And so the grand jurors aforesaid, upon their oath aforesaid, do say that the said Edward A. Stevens, Thaddeus S. Dickey, and Louis E. Strum, then and there, to-wit, at the said city of Minneapolis, on the said second day of June, in the year of our Lord one thousand eight hundred and ninety, unlawfully and maliciously did conspire, combine, and confederate together and with each other to unlawfully, willfully, and knowingly make the fictitious returns aforesaid, in manner and form aforesaid, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States.

"And the jurors aforesaid, upon their oath aforesaid, do further present that afterwards, to-wit, on the said second day of June, in the year of our Lord one thousand eight hundred and ninety, at the city of Minneapolis, in this district, the said Davenport, still being and acting as the supervisor of census within and for said census district, and the said Louis E. Strum, still being and acting as an enumerator within and for his said subdivision, and still having in his custody and possession as such enumerator the said blank original schedules, the same being of the kind and form known as 'Schedule No. 1,' and relating to and containing inquiries touching and concerning population and social statistics, Edward A. Stevens, Thaddeus S. Dickey, and the said Louis E. Strum, yeomen, late of said city, together with other evil-disposed persons whose names are as yet to the jurors aforesaid unknown, did unlawfully and maliciously conspire, combine, and confederate together and with each other, in and upon one of said schedules then and there unlawfully, willfully, and knowingly to put, place, insert, and write the following imaginary, false, and fictitious names of persons, that is to say: Ambrose W. Daynes, Mattie F. Daynes, John P. Daynes, William Daynes, Obedia Daynes, Lizzie Daynes,—in the several blanks left and provided thereon for the names of persons respectively to be enumerated thereon, pursuant to the provisions of said act, and imaginary false, pretended, and fictitious answers, items of information, particulars, facts, and statistics in the several blanks left and provided in said blank schedule for answers to the several inquiries respectively set forth and contained therein concerning the persons to be enumerated thereon, and required by said act to be answered in and upon said schedule, and the same schedule afterwards, to-wit, on said day, with said names, and said imaginary, false, pretended, and fictitious answers, items of information, particulars, facts, and statistics put, placed, inserted, and written therein, in manner and form aforesaid, to willfully and knowingly duly certify and have, and procure to be duly certified in form of law, by him, the said Louis E. Strum, as enumerator as aforesaid, within and for said subdivision, and the same schedule filled and certified as aforesaid, afterwards, to-wit, at said city of Minneapolis on said day, to unlawfully, knowingly, and willfully forward, with other like schedules, to the said supervisor as his, the said Louis E. Strum's, returns, under the provisions of said act, they, the said Edward A. Stevens, Thaddeus S. Dickey, and Louis E. Strum, then and there, to-wit, when they conspired, combined, and confederated together as aforesaid, well knowing that

the said names, answers, items of information, particulars, facts, and statistics, and each and every of them, were imaginary, pretended, false, and fictitious, and that none of said imaginary, pretended, and fictitious persons were, on the first day of June, in the year of our Lord one thousand eight hundred and ninety, or ever, residents or inhabitants of his, the said Louis E. Strum's said subdivision, and he, the said Louis E. Strum, not having obtained said names, answers, items of information, particulars, facts, and statistics, or any or either of them, by any inquiry made by him, the said Louis E. Strum, of any one, nor by visit by him, the said Louis E. Strum, personally to any dwelling-house or family in his said subdivision, nor in the course of enumeration or canvass by him, the said Louis E. Strum, of his said subdivision, as they, the said Edward A. Stevens, Thaddeus S. Dickey, and Louis E. Strum, then and there well knew.

"That afterwards, to-wit, on the said second day of June, in the year of our Lord one thousand eight hundred and ninety, at the city of Minneapolis, in said district, pursuant to said conspiracy, and to promote and effect the object thereof, the said Louis E. Strum, he, the said Louis E. Strum, still being and acting then and there as enumerator as aforesaid, within and for his said subdivision, and still having in his custody and possession as such enumerator the said schedules, and the said Davenport still being and acting then and there as supervisor of census within and for said second census district, in and upon one of said blank schedule, to-wit, the blank schedule last hereinbefore mentioned, did then and there unlawfully, willfully, and knowingly put, place, insert, and write the several imaginary, false, and fictitious names aforesaid in the several blanks left and provided thereon for the names of persons respectively to be enumerated thereon pursuant to the provisions of said act, and divers imaginary, false, pretended, and fictitious answers, items of information, particulars, facts, and statistics in the several blanks left and provided in said blank schedule for answers to the several inquiries respectively set forth and contained therein concerning the persons to be enumerated thereon, and required by said act to be answered in and upon said schedule.

"And so the grand jurors aforesaid, upon their oath aforesaid, do say that the said Edward A. Stevens. Thaddeus S. Dickey, and Louis E. Strum, then and there, to-wit, at the said city of Minneapolis, on the said second day of June, in the year of our Lord one thousand eight hundred and ninety, unlawfully and maliciously did conspire, combine, and confederate together, and with each other, to unlawfully, willfully, and knowingly make the fictitious returns aforesaid, in manner and form aforesaid, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States. And the jurors aforesaid, upon their oath aforesaid, do further present that afterwards, to-wit, on the said second day of June, in the year of our Lord one thousand eight hundred and ninety, at the city of Minneapolis, in this district, the said Davenport still being and acting as the supervisor of census within and for said second census district, and the said Louis E. Strum still being and acting as an enumerator within and for his said subdivision, and still having in his custody and possession as such enumerator the said blank original schedules, Edward A. Stevens, Thaddeus S. Dickey, and the said Louis E. Strum, yeomen, late of said city, together with other evil-disposed persons, whose names are as yet to the jurors aforesaid unknown, did unlawfully and maliciously conspire, combine, and confederate together, and with each other, in and upon one of said schedules then and there unlawfully, willfully, and knowingly to put, place, insert, and write the following imaginary, false, and fictitious names of persons, that is to say: Gordon Douglas, Grace Douglas, David Douglas, Belke Douglas, Robert Douglas, Mary J. Douglas, Ann F. Douglas, William Douglas, Andrew Doug-

las,—in the several blanks left and provided thereon for the names of persons respectively to be enumerated thereon, pursuant to the provisions of said act, and imaginary, false, pretended, and fictitious answers, items of information, particulars, facts, and statistics in the several blanks left and provided in said blank schedule for answers to the several inquiries respectively set forth and contained therein concerning the persons to be enumerated thereon, and required by said act to be answered in and upon said schedule; and in and upon one other of said schedules then and there unlawfully and knowingly to put, place, insert, and write the following names of persons not inhabitants of or within his, the said Louis E. Strum's, said subdivision, on the first day of June, in the year of our Lord one thousand eight hundred and ninety, that is to say: Ambrose W. Daynes, Mattie F. Daynes, John P. Daynes, William Daynes, Obedia Daynes, Lizzie Daynes,—in the several blanks left and provided thereon for the names of persons respectively to be enumerated thereon, pursuant to the provisions of said act, and imaginary, false, pretended, and fictitious answers, items of information, particulars, facts, and statistics in the several blanks left and provided in said blank schedule for answers to the several inquiries respectively set forth and contained therein concerning the persons to be enumerated thereon, and required by said act to be answered in and upon said schedule, and the said schedules afterwards, to-wit, on said day, with said names and said imaginary, false, pretended, and fictitious answers, items of information, particulars, facts, and statistics put, placed, inserted, and written therein, in manner and form aforesaid, to then and there willfully and knowingly duly certify, and have and procure to be certified in form of law by him, the said Louis E. Strum, as enumerator as aforesaid, within and for said subdivision, and the same schedules filled and certified as aforesaid afterwards, to-wit, at said city of Minneapolis, on said day to unlawfully, knowingly, and willfully forward, with other like schedules, to the said supervisor as his, the said Louis E. Strum's, returns under the provision of said act; they, the said Edward A. Stevens, Thaddeus S. Dickey, and Louis E. Strum, then and there, to-wit, when they conspired, combined, and confederated together as aforesaid, well knowing that said names, answers, items of information, particulars, facts, and statistics, and each and every of them, were then and there imaginary, pretended, false, and fictitious, and that none of said imaginary, pretended, fictitious, and non-resident persons were, on the first day of June, in the year of our Lord one thousand eight hundred and ninety, or ever, residents or inhabitants of his, the said Louis E. Strum's, said subdivision, and he, the said Louis E. Strum, not having obtained said names, answers, items of information, particulars, facts, and statistics, or any or either of them, by any inquiry made by him of any one, nor by visit by him, the said Louis E. Strum, personally to any dwelling-house or family in his said subdivision, nor in the course of enumeration or canvass by him, the said Louis E. Strum, of his subdivision, as they, the said Edward A. Stevens, Thaddeus S. Dickey, and Louis E. Strum, then and there well knew.

"That afterwards, to-wit, on said second day of June, in the year of our Lord one thousand eight hundred and ninety, at the city of Minneapolis, in said district, pursuant to said conspiracy, and to promote and effect the object thereof, the said Louis E. Strum, he, the said Louis E. Strum, still being and then and there acting as enumerator as aforesaid, within and for his said subdivision, and still having in his custody and possession as such enumerator the said schedules, and the said Davenport still being and acting then and there as supervisor of census within and for said second census district, in and upon one of said blank schedules did then and there unlawfully, willfully, and knowingly, insert, put, place, and write the following imaginary, false, and fictitious names, that is to say: Gordon Douglas, Grace Douglas, David

Douglas, Belke Douglas, Robert Douglas, Mary J. Douglas, Ann F. Douglas, William Douglas, Andrew Douglas,—in the several blanks left and provided thereon for the names of persons respectively to be enumerated thereon, pursuant to the provisions of said act, and divers imaginary, false, pretended, and fictitious answers, items of information, particulars, facts, and statistics in the several blanks left and provided in said blank schedule for answers to the several inquiries respectively set forth and contained therein concerning the persons to be enumerated thereon, and required by said act to be answered in and upon said schedule, and in and upon another one of said blank schedules, did then and there unlawfully, willfully, and knowingly put, place, insert, and write the following imaginary, false, and non-resident names, that is to say: Ambrose W. Daynes, Mattie F. Daynes, John P. Daynes, William Daynes, Obedia Daynes, Lizzie Daynes,—in the several blanks left and provided thereon for the names of persons respectively to be enumerated thereon pursuant to the provisions of said act, and divers imaginary, false, pretended, and fictitious answers, items of information, particulars, facts, and statistics in the several blanks left and provided in said blank schedule for answers to the several inquiries respectively set forth and contained therein concerning the persons to be enumerated thereon, and required by said act to be answered in and upon said schedule.

"And so the grand jurors aforesaid, upon their oath aforesaid, do say that the said Edward A. Stevens, Thaddeus S. Dickey, and Louis E. Strum, then and there, to-wit, at the said city of Minneapolis, on the said second day of June, in the year of our Lord one thousand eight hundred and ninety, unlawfully and maliciously did conspire, combine, and confederate together, and with each other, to unlawfully, willfully, and knowingly make the fictitious returns aforesaid, in manner and form aforesaid, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the United States.

"And the jurors aforesaid, upon their oath aforesaid, do further present that afterwards, to-wit, on the said second day of June, in the year of our Lord one thousand eight hundred and ninety, at the city of Minneapolis, in this district, the said Davenport still being and acting as the supervisor of census within and for said census district, and the said Louis E. Strum still being and acting as an enumerator within and for his said subdivision, and still having in his custody and possession as such enumerator the said blank original schedules, Edward A. Stevens, Thaddeus S. Dickey, and the said Louis E. Strum, yeomen, late of said city, together with other evil-disposed persons, whose names are as yet to the jurors aforesaid unknown, did unlawfully and maliciously conspire, combine, and confederate together, and with each other, in and upon divers, to-wit, fifty, of said blank schedules then and there unlawfully, willfully, and knowingly to put, place, insert, and write divers, to-wit, three hundred, imaginary, false, and fictitious names in the several blanks left and provided thereon respectively for the names of persons to be enumerated thereon, pursuant to the provisions of said act, and divers imaginary, false, pretended, and fictitious answers, items of information, particulars, facts, and statistics in the several blanks left and provided in said blank schedules respectively for answers to the several inquiries set forth and contained therein respectively concerning the persons to be enumerated thereon, and required by said act to be answered in and upon said schedules respectively, and in and upon divers, to-wit, fifty, other of said blank schedules, then and there unlawfully, willfully, and knowingly to put, place, insert, and write divers, to-wit, three hundred, names of persons not inhabitants of, or within his, the said Louis E. Strum's, said subdivision, on the first day of June, in the year of our Lord one thousand eight hundred and ninety, in the several blanks left and provided thereon respectively for the names of persons to be enumerated

thereon, pursuant to the provisions of said act, and divers imaginary, false, pretended, and fictitious answers, items of information, particulars, facts, and statistics in the several blanks left and provided in said blank schedules respectively for answers to the several inquiries set forth and contained therein respectively concerning the persons to be enumerated thereon, and required by said act to be answered in and upon said schedules, and the said schedules, and each and every of them, with said imaginary, false, pretended, fictitious, and non-resident names, and said imaginary, false, pretended, and fictitious answers, items of information, particulars, facts, and statistics put, placed, inserted, and written therein, in manner and form aforesaid, to unlawfully, willfully, and knowingly duly certify and have, and procure to be duly certified, in form of law by him, the said Louis E. Strum, as enumerator as aforesaid, within and for his said subdivision, and the same schedules filled and certified as aforesaid afterwards, to-wit, at said city of Minneapolis on said day to unlawfully, knowingly, and willfully forward, with other like schedules, to the said supervisor as his, the said Louis E. Strum's, returns under the provisions of said act, they, the said Edward A. Stevens, Thaddeus S. Dickey, and Louis E. Strum, then and there, to-wit, when they conspired, combined, and confederated together as aforesaid, well knowing that the said names, answers, items of information, particulars, facts, and statistics, and each and every of them, were then and there imaginary, pretended, false, and fictitious, and that none of said imaginary, pretended, fictitious, and non-resident persons were, on the first day of June, in the year of our Lord one thousand eight hundred and ninety, or ever, residents or inhabitants of his, the said Louis E. Strum's, said subdivision, and that the said names were not then and there, or ever, the names of persons having their place or places of abode, or being inhabitants, nor was either of them the name of any person having his or her place of abode, or being an inhabitant of or within his, the said Louis E. Strum's, said subdivison, on said first day of June, in the year of our Lord one thousand eight hundred and ninety, and he, the said Louis E. Strum, not having obtained said names, answers, items of information, particulars, facts, and statistics, or any or either of them, by any inquiry made by him of any one, nor by visit by him, the said Louis E. Strum, personally to any dwelling-house or family in his said subdivision, nor in the course of enumeration or canvass by him, the said Louis E. Strum, of his said subdivision, as they, the said Edward A. Stevens, Thaddeus S. Dickey, and Louis E. Strum, then and there well knew.

"That afterwards, to-wit, on said second day of June, in the year of our Lord one thousand eight hundred and ninety, at the city of Minneapolis, in said district, pursuant to said conspiracy, and to promote and effect the object thereof, the said Louis E. Strum, he, the said Louis E. Strum, still being and acting then and there as enumerator as aforesaid within and for his said subdivision, and still having in his custody and possession as such enumerator the said schedules, and the said Davenport still being and acting then and there as supervisor of census within and for said second census district, in and upon divers, to-wit, fifty, of said blank schedules, did then and there unlawfully, willfully, and knowingly put, place, insert, and write the following fictitious names, to-wit, Grace Douglas and Mattie F. Daynes and other names, to-wit, three hundred imaginary, false, and fictitious names in the several blanks left and provided thereon respectively for the names of persons to be enumerated thereon, pursuant to the provisions of said act, and divers imaginary, false, pretended, and fictitious answers, items of information, particulars, facts, and statistics in the several blanks left and provided in said blank schedules respectively for answers to the several inquiries set forth and contained therein respectively concerning the persons to be enumerated thereon; and required by said act to be answered in and upon said schedules respect-

ively; and in and upon divers, to-wit, fifty, other of said blank schedules, did then and there unlawfully, willfully, and knowing put, place, insert, and write divers, to-wit, three hundred, imaginary, false, pretended, and non-resident names, in the several blanks left and provided thereon respectively for the names of persons to be enumerated thereon, pursuant to the provisions of said act, and divers imaginary, false, pretended, and fictitious answers, items of information, particulars, facts, and statistics in the several blanks left and provided in said blank schedules respectively for answers to the several inquiries set forth and contained therein respectively concerning the persons to be enumerated thereon, and required by said act to be answered in and upon said schedules respectively.

"And so the grand jurors aforesaid, upon their oath aforesaid, do say that the said Edward A. Stevens, Thaddeus S. Dickey, and Louis E. Strum, then and there, to-wit, at the said city of Minneapolis, on the said second day of June, in the year of our Lord one thousand eight hundred and ninety, unlawfully and maliciously did conspire, combine, and confederate together, and with each other, to unlawfully, willfully, and knowingly make the fictitious returns aforesaid, in manner and form aforesaid, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the United States.

"GEO. N. BAXTER, Special Assist. U. S. Attorney."

There is another indictment against the same parties for conspiring to make false certificates, and which is like the above, only having "false certificates" inserted instead of "fictitious returns."

*George N. Baxter*, Special Asst. U. S. Atty.

*John M. Shaw* and *F. B. Hart*, for defendants.

NELSON, J., (*after stating the facts as above.*) The defendants are indicted for a conspiracy to make false certificates, and also for a conspiracy to make fictitious returns. The offenses which it is alleged the defendants conspired to commit are made penal by section 13 of the act entitled "An act to provide for taking the eleventh and subsequent censuses," approved March 1, 1889. The census act provides for the appointment of enumerators whose duty it is to make exact enumeration of the inhabitants within the subdivisions assigned them, and collect statistics designated, and to fill up the printed forms and schedules furnished, and forward the same, duly certified, to the supervisor of census of the district, as their returns under the act. A demurrer is interposed to all the counts of the indictments, and to sustain it the counsel for the defendants urge: (1) That Stevens and Dickey are disqualified from either jointly or severally being principal actors in the offense to which the charge of conspiracy relates, and as this incapacity arises from the peculiar nature of the offense, and the descriptive characteristics of it set forth in the statute, they cannot conspire with others to commit the offenses which they themselves are incapable of committing. This is the chief contention, and is directed against all the counts in these indictments. And, in addition, the last count is attacked (2) for the reason that it is defective in not setting forth the facts constituting the offense with sufficient certainty and definiteness. The indictments are based upon section 5440, Rev. St., which provides that if two or more persons

conspire to commit any offense against the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty, etc. The objections are considered in their order.

The defendant Strum, the enumerator, is the only one of the persons charged in the indictments who could commit the acts declared an offense by section 13 of the statute; but it does not necessarily follow that no other person could be charged and convicted as a principal in the commission of these offenses. The authorities are quite numerous that persons who are incapable personally of committing a criminal offense, if they take part as aiders and abettors, may be punished as principals, although there is no reference to them in the statute. This is particularly so in misdemeanors, as distinguished from felonies, for the old doctrine of principal and accessory does not apply. In *Rex* v. *Potts*, Russ. & R. 353, the defendant, a woman, was indicted and convicted under a statute making it an offense to personate and falsely assume the name of another man with intent to defraud, etc. There was no provision relating to aiders, abettors, or assisters. The indictment alleged that Mrs. Potts was an aider and abettor of one Williams to personate, and then charged the man and woman with committing the offense. It was doubted whether a conviction could be sustained when it appeared difficult to allege that a man and woman jointly personated a man, but all the judges unaminously held that the conviction was right. In *State* v. *Sprague*, 4 R. I. 260, the indictment charged an offense which, as described in the statute, could only be committed by a woman. Although there was a general statute of the state punishing aiders and abettors as principals according to the nature of the offense committed, it was urged that from the peculiar nature of the offense, and the descriptive characteristics of it set forth in the statute, there could be no conviction of aiders and abettors under it. The court, however, did not think the rules of the common law defective in application to such persons, (aiders and abettors,) and said:

"The argument is that none but the mother of the child can, by the descriptive terms of the statute, or by the policy of the law, be guilty, so to speak, of the principal offense; and as all guilty of a misdemeanor are, if guilty at all, principals, and must be charged as 'doers,' it follows that none but the mother can be guilty, and so legally convicted, of the offense at all, no matter upon what charge, or upon what proof. We would be sorry to come to this conclusion. It by no means follows that, because the mother alone can be guilty of the actual concealment described in the statute, * * * if she be guilty, others may not be guilty as principals present, in the sense of the law, aiding and assisting and working with her under the criminal intent."

The court further said that this question was solved by the English case, *Rex* v. *Potts*. To the same effect are the following cases: *Boggus* v. *State*, 34 Ga. 275; *U. S.* v. *Snyder*, 14 Fed. Rep. 554. Aiders and abettors are not exempt from punishment as principals in misdemeanors, because the act descriptive of the offense can be committed only by one person, or by one of a particular sex or class. All are principals, though some may be secondary in character. The counsel contend that although

Stevens and Dickey, if aiders and abettors of the offense defined in section 13 of the census act, might possibly be punished under the section as for that offense, still they cannot be prosecuted for another distinct and defined offense, to-wit, conspiracy, under section 5440, Rev. St.; that is to say, that a person who may be convicted of committing an offense cannot be punished for conspiring to commit it. There is nothing in section 5440 exempting any persons, and, before such a doctrine can be subscribed to, the common-law principle that conspiring to commit a crime is itself criminal must be ignored. In *Reg.* v. *Rowlands*, 5 Cox, Cr. Cas. 466, the parties had been charged, not with the offense they had committed, but for a conspiracy to commit it. The judge said: "The course pursued was no doubt legal." See, also, *Com.* v. *Warren*, 6 Mass. 74; *People* v. *Mather*, 4 Wend. 265; *U. S.* v. *Martin*, 4 Cliff. 156; *U. S.* v. *Bayer*, 4 Dill. 407; *U. S.* v. *Boyden*, 1 Low. 266; also *Queen* v. *Whitchurch*, 24 Q. B. Div. 420. The *gravamen* of the charge against the defendants is a conspiracy; that is the offense which, under section 5440, is punished. Until one of the conspirators does some act to effect the object of the conspiracy, all parties thereto may withdraw, and thus escape the penalty prescribed by the statute. After such act is done, all are liable. *U. S.* v. *Britton*, 108 U. S. 205, 2 Sup. Ct. Rep. 531. The first objection urged to the indictment is overruled.

Again, it is urged that the last count in the indictments is defective in not stating with sufficient certainty the offense which it is charged defendants conspired to commit. In other words, that the particular names which the enumerator falsely inserted should be specified, and unless that is done the act which it is alleged the defendants conspired to do, to-wit, to put 300 false and fictitious names in the blanks, etc., is too general, and does not inform the defendants with sufficient certainty to make a defense; and, in case of conviction, they could not plead it in bar of another prosecution for the same offense. Several names are stated in this count of the indictment as fictitious, and charged to have been unlawfully and wrongful inserted in the schedules by Strum. This is sufficient; for, in stating the object of the conspiracy, the same certainty and strictness are not required as in the indictment for the offense conspired to be committed. Certainty to a common intent sufficient to identify the offense which the defendants conspired to commit is all that is required. When the allegation in the indictment advises the defendants fairly what act is charged as the crime which was agreed to be committed, the chief purpose of pleading is attained. Enough is then set forth to apprise the defendants so that they may make a defense. The point urged seems more refined than sound. Demurrers overruled, and it is so ordered.

NOTE BY JUDGE. The doctrine announced in this opinion, and the rules of law therein stated, apply to the demurrers to indictments in all the Census Conspiracy Cases.