UNITED STATES v. BRACE et al.

(District Court, N. D. California. January 16, 1907.)

No. 4,352.

1. CONSPIRACY—INDICTMENT—CONSTRUCTION.

An indictment alleging that defendants during all the times between May 25, 1902, and the commission of the last overt act therein set forth continued to conspire together to defraud the United States of the title

to its public lands in the manner and by the means agreed on between them on May 25, 1902, was not equivalent to a charge that defendants subsequent to that date entered into a new conspiracy to accomplish their unlawful design, but was merely an allegation that the conspiracy formed on that day was never abandoned, but was in continuous operation thereafter until the date of the last overt act charged.

**2. SAME—STATUTES—CONSTRUCTION.**

Rev. St. § 5440 [U. S. Comp. St. 1901, p. 3676], provides that, if two or more persons conspire either to commit any offense against the United States or to defraud the United States in any manner, and one or more of them do any act to effect the object of the conspiracy, all shall be liable to a penalty, etc. *Held,* that the offense defined by such section was a continuing one so long as it was in process of execution, as manifested by overt acts in pursuance thereof.

**3. CRIMINAL LAW—LIMITATIONS.**

The crime denounced by such section consists in putting a corrupt agreement into active operation, and hence limitations run from the date of the last overt act committed for the purpose of completing the object of the conspiracy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 275.]

**4. CONSPIRACY—SEVERAL PROSECUTIONS.**

There can be but one prosecution for conspiracy in violation of Rev. St. § 5440 [U. S. Comp. St. 1901, p. 3676], regardless of the number of overt acts committed in pursuance thereof.

See 143 Fed. 703.

J. H. G. Weaver and W. F. Clyborne, for defendant Brace.
J. F. Quinn, for defendant Young.
Robert T. Devlin, U. S. Atty., and A. P. Black, Asst. U. S. Atty.

DE HAVEN, District Judge. The indictment charges that the defendants, on May 25, 1902, entered into a conspiracy to defraud the United States by obtaining from it, in violation of the law providing for the sale thereof, title to divers tracts of land of great value, situated in this district and state; that for the purpose of effecting the object of said conspiracy, certain overt acts were committed by the parties thereto on June 10, 1902, by filing and causing to be filed certain false and fraudulent applications for the purchase of such lands in the local land office at Eureka, in this district, and state. The indictment alleges:

"That from the said twenty-fifth day of May, in the year of our Lord one thousand nine hundred and two, and until and including the times hereinafter alleged, the said conspiracy, combination, confederation, and agreement was continuously in process of execution, and the said George W. Brace and Albert B. Young continued, during and including said times, to knowingly, falsely, and unlawfully to conspire, combine, confederate, and agree together [and with divers other persons named] so to defraud the United States of the title to and possession of the said lands in the manner and by means aforesaid."

The indictment further charges that, for the purpose of effecting the object of said conspiracy, "and while the said George W. Brace and Albert B. Young so knowingly, falsely, and unlawfully conspired, * * * as aforesaid, so to defraud the United States of its title to and possession of said lands, in the manner and by the means aforesaid," the said defendant Brace committed other overt acts on the

.11th, 12th, and 15th days of September, 1902, by causing divers persons to appear before the officers of the local land office at Eureka, Cal., and make false and fraudulent final proofs, for the purpose of establishing their right to purchase from the United States the lands for which they had applied. The indictment was found and returned on September 8, 1906. The defendant Brace has interposed a special plea, in which he alleges that the offense charged in the indictment is "barred by the provisions of section one thousand forty-four (1044) of the Revised Statutes of the United States of America [U. S. Comp. St. 1901, p. 725], in that more than three years had elapsed between the commission of said alleged crime and the finding of said indictment, to wit, three years and eighty-nine days. And in this behalf defendant alleges that, during all of said times between the commission of said alleged crime and the filing of said indictment, the said George W. Brace was subject to the process of said court, and at no time during said time was he a fugitive from justice, or was he 'fleeing from justice;' " and that he did not at any time between the date of the commission of the offense charged and the finding of the indictment "leave his home and known place of abode with intent to avoid detection or punishment for any public offense against the United States." The defendant Young has also filed a special plea, similar in form to that of the defendant Brace. The United States has demurred to each of these pleas, upon the ground that it does not state facts sufficient "to constitute a plea, or to authorize the court to stay the trial of this action," and upon the further ground that it does not appear therefrom "that an overt act in consequence of the conspiracy alleged in said indictment was not committed within three years before the filing thereof," and "because it appears upon the face of the indictment herein that an overt act in pursuance of the conspiracy alleged in said indictment was committed within three years before the filing thereof."

1. In my opinion the allegation in the indictment that the defendants during all the times between May 25, 1902, and the commission of the last overt act therein set forth continued to conspire together to defraud the United States of the title to its public lands, in the manner and by the means agreed on between them on May 25, 1902, is not equivalent to a charge that the defendants subsequently to that date entered into a new conspiracy for the purpose of accomplishing their unlawful design to defraud the United States of certain of its public lands. It is simply, in effect, an allegation that the conspiracy formed on May 25, 1902, was never abandoned, but was in continuous operation thereafter until the date of the last overt act set out. The indictment, therefore, is to be construed as charging but one conspiracy; that such conspiracy was formed by the defendants on May 25, 1902, and numerous overt acts were thereafter committed by them for the purpose of effecting its object, the first of these acts on June 10, 1902, and the last on September 15, 1902; that from the date of its formation until the commission of the last overt act in pursuance thereof, the conspiracy so formed on May 25, 1902, was, in the language of the indictment, "continuously in process of execution." Assuming that the conspiracy was formed and the overt acts committed

upon the particular dates named in the indictment, the precise question which is raised by the demurrers to the special pleas relates to the time when the right of the government to prosecute the defendants for the offense charged in the indictment began to run.

Section 1044 of the Revised Statutes [U. S. Comp. St. 1901, p. 725] provides that no person shall be prosecuted for an offense of the character described in this indictment unless the indictment is found "within three years next after such offense shall have been committed"; while the succeeding section declares that this limitation shall not extend to the case of any person fleeing from justice. The contention of the defendants is that the right of the government to prosecute them accrued upon June 10, 1902, the date of the first overt act, and, as this was more than three years prior to the finding of the indictment, the right to prosecute for such offense is barred; and support for this contention is undoubtedly found in the cases of United States v. Owen (D. C.) 32 Fed. 534, United States v. McCord, 72 Fed. 159, Ex parte Black (D. C.) 147 Fed. 832, Commonwealth v. Bartilson, 85 Pa. 482, and Insurance Co. v. State, 75 Miss. 24, 22 South. 99. The argument which is advanced to sustain this conclusion is very strongly stated by Deady, J., in United States v. Owen (D. C.) 32 Fed. 534, and proceeds upon the theory that a conspiracy is not to be deemed a continuous crime while in process of execution, but is a completed offense the moment the first overt act is committed in pursuance thereof, as much so and in the same sense as the crime of murder or of arson is complete and at an end when the deed is done. Of course, if this be so, the statute of limitations would commence to run at the date of the commission of such overt act; but it seems to me that the more reasonable view is that which was followed by the Supreme Court of Illinois in the case of Ochs v. People (Ill.) 16 N. E. 662, and United States v. Greene (D. C.) 146 Fed. 803–889, and that is to regard the conspiracy as a continuing offense so long as the parties thereto continue to perform acts to effect its object, and, thus considered, the prosecution thereof is not barred if any overt act has been committed within the statutory period. The crime, defined in section 5440 of the Revised Statutes, may be said to be a continuing offense so long as it is in process of execution, as manifested by overt acts in pursuance thereof. At common law the crime of conspiracy was complete when two or more persons combined for the purpose of committing an unlawful act, and it was not necessary to allege or to prove an overt act; but under section 5440 of the Revised Statutes there must not only be the unlawful combination, but one of the parties must do some act for the purpose of effecting its object. Hyde v. Shine, 199 U. S. 62, 25 Sup. Ct. 760, 50 L. Ed. 90; U. S. v. Nunnemacher, 7 Biss. 11, Fed. Cas. No. 15,902; U. S. v. Goldberg 7 Biss. 173, Fed. Cas. No. 15,223. The crime consists in putting the corrupt agreement into active operation, and so long as it is in operation the offense is a continuing one. This being so, my conclusion is that, whenever a person commits any act in pursuance of an existing conspiracy, no matter when such conspiracy was formed, or how many precedent acts have been committed for the purpose of

effecting its object, the offense defined in section 5440 of the Revised Statutes [U. S. Comp. St. 1901, p. 3676] is then committed, and is subject to prosecution. In saying this I do not mean to be understood as holding that, when a number of acts have been committed in furtherance of one conspiracy, there may be as many prosecutions therefor as there were acts. There can be but one prosecution, based upon a single conspiracy, and this is not barred as to any overt act within the statutory period.

It follows from these views that the demurrers to the special pleas must be sustained.