ARNOLD v. WEIL, U. S. Marshal.

(District Court, E. D. Wisconsin. November 15, 1907.)

**1. CONSPIRACY—CONSPIRACY TO DEFRAUD UNITED STATES—SUFFICIENCY OF INDICTMENT.**

An indictment under Rev. St. § 5440 [U. S. Comp. St. 1901, p. 3676], for conspiracy to defraud the United States, charges an offense where it avers the purpose of the conspiracy to be to acquire coal lands of the United States by means of false, fictitious, and fraudulent entries and applications, and to induce and hire others to make like entries, at the cost and for the benefit of defendants to whom such entrymen were to convey the lands so entered, and where it fully sets out such means and overt acts committed for the purpose of effecting the object of such conspiracy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Conspiracy, § 97.]

**2. CRIMINAL LAW—CONSPIRACY—VENUE OF PROSECUTION—RENEWAL OF OVERT ACTS.**

Where a conspiracy to defraud the United States of public lands was originally formed in one federal district, but was carried out by means of false and fraudulent entries of such lands in another district, made with the knowledge and consent of all the conspirators, each of such overt acts constituted a renewal of the conspiracy in the latter district, and the offense may be prosecuted in either district.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 232.]

Habeas Corpus.

Hugh Ryan and W. J. Turner, for petitioner.

E. J. Henning, Asst. U. S. Atty., for the Government.

SANBORN, District Judge. This is a habeas corpus proceeding similar to that of Pereles v. Weil (decided herewith) 157 Fed. 419. The indictment covers 108 pages of typewriting, and contains 4 counts. It is of an entirely different character from that in the Pereles Case. The first count charges a willful and corrupt conspiracy to make false, fictitious, feigned, illegal, forged, and fraudulent entries and filings, to induce, persuade, and hire other persons to make like entries; to make false, fictitious, feigned, forged and fraudulent papers, statements, and affidavits; and to make false statements to the land officers, knowing them to be false, fraudulent, forged, and untrue, in order to induce them to act otherwise than they would if they had known of such falsity, fraud, etc. It is further charged that defendants were to furnish the money to make such entries, and take conveyances from such persons to defendants, or to a corporation to be thereafter formed. The means by which the conspiracy was to be effected are fully and explicitly stated, as well as a large number of overt acts done to effect its object. The second count charges a similar conspiracy entered into at a different place. The third count charges a similar conspiracy made by defendants with other and different persons, and relating to other coal lands. The fourth count charges a conspiracy to make and present

false, forged, and fraudulent filings, declarations, affidavits, and other papers to the land officers at Glenwood Springs, Colo., relating to coal land entries, and to hire entrymen, cause dummy entries to be made, etc. The means are fully set out, and the respects in which the papers were false are fully stated, the papers being copied in full in this count.

This indictment is complete in form, supplying with the greatest particularity and detail the facts showing an intentional and deliberate fraud, knowingly perpetrated. Considerable testimony was taken by the commissioner, who decided that probable cause existed. On all the testimony it is clear that the prima facie force of the indictment against the petitioner was not overcome.

No question of the statute of limitations arises in this case, the conspiracy being charged to have been made within three years. The commissioner found, however, and the proofs showed, that the conspiracy was entered into in Milwaukee, Wis., but that it was renewed by overt acts in Colorado, so that the allegation that it was formed in Colorado is capable of proof. This finding raises the question of venue, and of the jurisdiction of the District Court of Colorado, and whether the petitioner Arnold has the constitutional right to be tried in this district, where the conspiracy was formed, or whether the crime is deemed to · have been committed in Colorado, where the overt acts occurred.

The sixth amendment provides that the accused shall have the right to a trial by a jury within the state or district where the crime was committed, which district shall have been previously ascertained by law. All the overt acts charged were done in Colorado, and the question thus raised whether the conspiracy was formed both in Wisconsin and Colorado, and may be prosecuted either in this district or the District of Colorado, at the option of the United States. Here the crime was first committed in Wisconsin, and would have been indictable there, at any time after the first act done in Colorado to effect its object. Is each such act a conspiracy in such sense that it may be said that defendants have, at the place where the overt act is done, conspired to defraud the government? Having conspired in Milwaukee to defraud the government through coal land entries, three of the defendants, as charged in the statement of overt act No. 1, filed in the land office at Glenwood Springs several papers connected with two entries. This act, it is said, was a conspiring in Colorado by renewing or continuing the Wisconsin agreement. The act done in Colorado being done to carry out the prior agreement made in Wisconsin, and thus with the continuing consent and approval of all, is the act of all, through their agent and co-conspirator, and evidence against all. Surely it does not require any great stretch of logical principle to say that the conspirators have agreed again, have renewed the conspiracy, or continued it, whenever and wherever one or more act for and with the approval of and under the direction of all.

This question is referred to but not decided in Hyde v. Shine, 199 U. S. 62, 25 Sup. Ct. 760, 50 L. Ed. 90. The court says:

"As the indictment in this case charges that the conspiracy was entered into in the city of Washington, it becomes unnecessary to consider whether an indictment will lie within the jurisdiction where the overt act was committed,

although there are many authorities to that effect. King v. Brisac, 4 East, 164; People v. Mather, 4 Wend. (N. Y.) 229, 21 Am. Dec. 122; Commonwealth v. Gillespie, 7 Serg. & R. (Pa.) 469, 10 Am. Dec. 475; Noyes v. State, 41 N. J. Law, 418; Commonwealth v. Corlies, 3 Brewst. (Pa.) 575. We have ourselves decided that, if the conspiracy be entered into within the jurisdiction of the trial court, the indictment will lie there, though the overt act is shown to have been committed in another jurisdiction, or even in a foreign country. Dealy v. United States, 152 U. S. 539, 14 Sup. Ct. 680, 38 L. Ed. 545; Palliser v. United States, 136 U. S. 257, 10 Sup. Ct. 1034, 34 L. Ed. 514; King v. Brisac, 4 East, Rep. 164; Rev. St. § 731 [U. S. Comp. St. 1901, p. 585]."

Many other reported cases hold that an overt act renews or continues the original offense so as to take the case out of the statute of limitations, and these cases seem to be in point on this question also. Commonwealth v. Bartilson, 85 Pa. 482; Ochs v. People, 124 Ill. 399, 16 N. E. 662; People v. Willis, 23 Misc. Rep. 568, 52 N. Y. Supp. 808; U. S. v. Greene (D. C.) 100 Fed. 941; U. S. v. Greene (D. C.) 115 Fed. 343; U. S. v. Greene (D. C.) 146 Fed. 888; Insurance Co. v. State, 75 Miss. 24, 22 South. 99; McKee v. State, 111 Ind. 378, 12 N. E. 510; Raleigh v. Cook, 60 Tex. 438; U. S. v. McAndrews (C. C.) 149 Fed. 823; Swift v. U. S., 196 U. S. 400, 25 Sup. Ct. 276, 49 L. Ed. 518; U. S. v. Howell (D. C.) 56 Fed. 21–34; U. S. v. Babcock, 3 Dill. 581, Fed. Cas. No. 14,487; U. S. v. Brace (D. C.) 149 Fed. 874; U. S. v. Bradford (C. C.) 148 Fed. 413; Id. (C. C. A.) 152 Fed. 617; U. S. v. Noblan, Fed. Cas. No. 15,896; Ware v. U. S. (C. C. A.) 154 Fed. 577; Lorenz v. U. S., 24 App. D. C. 337.

It is true that there are many federal cases deciding that the offense does not consist of both the conspiracy and the acts done to effect its object, but of the conspiracy alone. U. S. v. Britton, 108 U. S. 199, 2 Sup. Ct. 531, 27 L. Ed. 698; Dealy v. U. S., 152 U. S. 539, 14 Sup. Ct. 680, 38 L. Ed. 545. As Judge Dyer said in U. S. v. Goldberg, 7 Biss. 183, Fed. Cas. No. 15,223, the overt act must not be one which is part of the conspiracy, nor one of a series of acts constituting the agreement or conspiring together, but must be a subsequent independent act, following a complete conspiracy. This follows the decision of Judge Benedict in U. S. v. Donau, 11 Blatchf. 168, Fed. Cas. No. 14,-983. It is not necessary that an indictment should show how the overt act would tend to effect the object of the conspiracy. U. S. v. Sanche (C. C.) 7 Fed. 715; U. S. v. Boyden, 1 Lowell, 266, Fed. Cas. No. 14,-632. It is urged that this uniform course of decision as to the nature of a conspiracy, showing that the overt act is no part of it, but a distinct and independent act, indicates that such an act cannot make, or renew, or continue the conspiracy, but simply operates to make the offense subject to prosecution, cut off the locus pœnitentiæ, and operate as evidence of the offense, and is a demonstration that the decisions referred to are not correctly decided. This is a vexed question, and will in the end, I believe, be determined by the Supreme Court more with a view of promoting substantial justice under the sixth amendment, than from any consideration of logical or theoretical principles. Until it is settled by that court these decisions should be followed, although such a rule may operate unjustly by compelling the removal of the accused to distant states for trial.

The petition is dismissed.