## THE PEOPLE *vs.* CHASE and COE.

Under the revised statutes, an indictment, in all cases of conspiracy, except agreements to commit felony upon the person of another, or to commit arson or burglary, must contain a charge of one or more overt acts, some or one of which must be proved upon the trial to have been done to effect the object of the conspiracy.

Where there is a conspiracy to induce a witness to suppress evidence, or give false evidence, and the conspirators apply to him for that purpose, and persuade him to abscond, or conceal himself, such application and persuasion are *overt acts,* whether they succeed with the witness or not.

Thus where an indictment alleged that an indictment for felony was about to be preferred against one C. before the grand jury; that S. was a material witness to prove the charge; that the defendants conspired and agreed together to induce S. to suppress her evidence and to withdraw and conceal herself, in order to prevent her being examined as a witness; and that the defendants, in pursuance of such conspiracy, did unlawfully willfully and corruptly hire, persuade, induce and procure S. to withdraw herself out of the jurisdiction of the state, and to go away from the county of E. and to withhold her attendance from the grand jury; *Held* that the overt acts were sufficiently alleged.

To justify a conviction upon such an indictment, it is sufficient to prove the making of the propositions to the witness, by the defendants; without showing that she accepted the same, or went away in pursuance thereof.

CERTIORARI to the Erie sessions to remove a conviction for conspiracy. The indictment ·charged, in the first· count, that the defendants well knowing that a certain bill of indictment for felony was intended and was about to be preferred against one Jerome J. Chase before the grand jury, and that Hannah Shipple was a material witness in support of such bill of indictment, on &c. at &c. did unlawfully and wickedly conspire, combine, confederate and agree together, to induce the said Hannah Shipple to˙ suppress the evidence she knew and which was within her knowledge touching the said felony, and to withdraw and conceal herself in order to prevent her being examined as a witness in support of said bill of indictment, so as aforesaid, intended to be preferred; and that the said William H. Chase and Spencer C. Coe, in pursuance of the aforesaid unlawful conspiracy on &c. at &c. did unlawfully, willfully, and corruptly hire, persuade, induce and procure the said Hannah Shipple to withdraw herself out of the jurisdiction of the people of the state of New-York, and to go away from the county of Erie and to withhold her attendance from the said grand jury, before which the said bill of indictment was intended to be preferred, and to betake herself to parts unknown, to the perversion and obstruction of justice and the due administration of the laws, and against the peace, &c.

The second count charged, in substance, that one Jerome J. Chase was bound by recognizance to be and appear before the court of oyer and terminer, to answer to an indictment, if one should

The People v. Chase.

be preferred against him for a rape, and that one Hannah Shipple was a material witness touching the rape, and that her testimony of what she knew was material; and then as in the first count with the charge, that the defendants "did hire, procure, induce and persuade *and cause* the said Hannah Shipple to withdraw herself beyond the jurisdiction of the state of New-York," &c.

Third count, as to overt acts, that the said Spencer C. Coe in pursuance of the said unlawful and corrupt conspiracy did hire, induce, procure, persuade and cause the said Hannah Shipple to withdraw herself from the jurisdiction of the state of New-York , and to conceal herself, to the end that her testimony against the said Jerome J. Chase touching the said charge of rape might be suppressed," &c. Fourth count, charging the same against the defendant Chase as was in the third count charged against the defendant Coe. Exceptions were taken upon the trial to the admission and also to the rejection of evidence and to refusals to charge as requested, which are sufficiently noticed in the opinion.

*A. Sawin,* for the defendants, cited 2 *R. S.* 692, §§ 8, 10 *and* 735, § 17, *and notes of revisers;* 9 *Cow. R.* 578 *to* 625; 7 *Id.* 166, and 14 *Wend.* 9; for form of indictment.

*J. L. Talcott,* (district attorney,) for the people, cited *People* v. *Mather,* (4 *Wend.* 263 ;) *Maryland* v. *Buchanan,* (5 *Har. & John.* 317 ;) *Haw. b.* 1, *ch.* 21, § 15 ; *King* v. *Eccles,* (1 *Leach,* 274 ;) 13 *East,* 230 ; 1 *Ad. & El.* 706 ; 9 *Cowen.* 599, *et seq. ; Whart. Prec.* 401 ; *Arch. Cr. Pl. Conspiracy ; Ros. Cr. Ev.* 374, 375, 614 ; *Jones* v. *Baker,* (7 *Cowen,* 445 ;) *Russ. on Cr.* 570 ; 1 *W. Bl. R.* 392 ; 6 *Mass. R.* 74 ; 10 *Pick.* 497.

*By the Court,* MARVIN, J. The sufficiency of the indictment is questioned. It is objected that there are no overt acts charged with sufficient certainty. By the revised statutes, if two or more persons conspire for the perversion or obstruction of justice, or the due administration of the laws, they commit a crime, (2 *R. S.* 692, § 8,) and by section 10 the agreement,

in such a case, shall not be deemed a conspiracy, unless some act, besides such agreement, be done to effect the object thereof by one or more of the parties to such agreement. By another section, in trials for conspiracy, in those cases where an overt act is required by law to constitute the offense, no conviction shall be had unless one or more overt acts be expressly alleged in the indictment, nor unless one or more of the acts so alleged be proved on the trial. (2 *R. S.* 735, § 17.) It had been held that, by the common law, the gist of the crime of conspiracy was the conspiracy, and that it was not necessary to allege or show any act done in pursuance of the conspiracy. (*See* 2 *Russ. on Cr.* 674; *Arch. Cr. Pl.* 675, *and cases cited; Lambert* v. *The People,* 9 *Cowen.* 578.) This made the crime consist in a combined and agreed upon intention, though no act should have been done by any of the parties to the unlawful combination or agreement, in furtherance of the object designed. It was usual to set out the overt acts in the indictment, though it was held not to be essentially necessary. (*Arch. Cr. Pl.* 475.) The law is now clearly declared in the revised statutes. And in all cases, except agreements to commit felony upon the person of another, or to commit arson or burglary, the indictment must contain a charge of one or more overt acts, one or more of which must be proved upon the trial to have been done to effect the object of the conspiracy.

In the present case, after setting forth the conspiracy, the overt acts are alleged, in the first count, to be that the said Wm. H. Chase and Spencer C. Coe, in pursuance of the aforesaid unlawful conspiracy on &c. at &c. did unlawfully, willfully and corruptly hire, persuade, induce and procure the said Hannah to withdraw herself out of the jurisdiction of the people of the state of New-York, and to go away from the county of Erie, and to withhold her attendance from the grand jury, &c. The conspiracy was to induce the witness to suppress her evidence and to withdraw and conceal herself in order to prevent her being examined as a witness, &c. It seems to me that the overt acts are here clearly and "expressly alleged." They hired, persuaded and induced her to withdraw from the state

and withhold her attendance from the grand jury. How otherwise could these overt acts have been alleged? It is provided in the revised statutes in § 16, preceding the § 17 above referred to, (*p.* 735,) that in trials for treason no evidence shall be given of any overt act that is not expressly laid in the indictment. At common law, conspiring, consulting, consenting and agreeing with others to do the act constituting treason, were *overt acts.* (*See Arch. Cr. Pl.* 488, *et seq.*) Our U. S. constitution requires more in cases of treason. But I refer to the common law as showing what will constitute *overt acts.* It cannot be doubted that when there is a conspiracy to induce a witness to suppress evidence, or give false evidence, and the conspirators apply to him for that purpose and persuade him, but that such application and persuasion are *overt acts,* whether they succeed with the witness or not.

Several exceptions were taken by the defendants during the trial. It is not necessary to notice them all : many of them were very properly omitted on the argument. It appeared on the trial that Hannah Shipple was at the house of one Warner, when the defendants called upon her. Mrs. Warner was called by the people, and stated that her husband was at the court house before the trial commenced, and the district attorney asked her where her husband then was. This was objected to, as irrelevant; the objection was overruled, and the defendants excepted, and the witness answered that she did not know. This evidence was probably entirely immaterial. Counsel, however, sometimes, in addressing a jury, remark upon the absence of a person who, they assume, if present, could give material evidence, and claim that the other party should have produced the absent person as a witness. Under such circumstances I see no impropriety, as a matter of precaution, in showing that the absent witness could not be procured, in order that the jury may not be induced to infer any thing from his absence.

Hannah Shipple had stated an interview between her and the defendant Chase, when Chase let her have money, and promised her more; and made a statement to her, apparently reading from a paper. Charles Chase was called as a witness by the

defendants, and on proof of the loss of the paper, stated its contents. The district attorney, on cross-examination, asked the witness, "Did you see the defendant Coe the evening before this, and talk this business over with him?" And the witness answered in the affirmative. The defendants' counsel upon reexamination, asked the witness to state what the conversation was; and upon objection, the evidence was excluded, and the defendants excepted. Hannah had stated that Chase and Coe had called upon her the evening before Chase called and let her have money, and that Coe was introduced to her as Mr. Smith. Evidence had been given tending to impeach Hannah. The object of the question was to show that Coe was the man. The district attorney did not call for his declarations, and none were given. The defendants had no right to give the conversation.

The defendants' counsel requested the court to charge, that if they found there was a mutual agreement between the defendants to procure the absence of Hannah, as a witness before the grand jury, prior to the interview of the defendant Coe with her, yet if they were satisfied from the evidence that in that interview all the propositions of the defendant Coe were rejected by Hannah, and that Coe then abandoned the matter, and had nothing to do with what took place the next evening between the defendant Chase and Hannah, then they should acquit the defendants. The court refused so to charge, and the defendants excepted. The evidence had tended strongly to show the overt acts of the defendants. They called upon the witness, and Chase introduced Coe as Mr. Smith, and then Coe had a long interview with Hannah, and made the proposals and offered the inducements to her. At this point the crime was fully consummated. The conspiracy had been formed, and *overt acts* done, and it was then too late to recede, so as to avoid the consequences of the crime. The defendants also requested the court to charge that the jury must be satisfied, from the evidence, that the defendant Chase had knowledge of the communication of Coe to Hannah, and directed or was privy to it, or knew of it afterwards, before they could hold Chase responsible for these conversations. The court declined so to charge, and the de-

The People *v.* Chase

fendants excepted. By the common law, after the unlawful conspiracy and combination are established, the overt acts of any of the conspirators for the purpose of accomplishing the object, may be shown as against all of the parties to the conspiracy, and they are all affected by such acts. (*Arch. Cr. Pl.* 676.) This principle has been preserved in the statute. Some act must be done to effect the object *by one or more* of the parties to such agreement. (2. *R. S.* 692, § 10.)

The defendants requested the court to charge that the defendants could not be convicted unless something more took place than a mere proposition by the defendants, to have her conceal herself and keep away from being a witness. That the jury must be satisfied that she accepted the propositions, or went away from Buffalo in pursuance thereof. Refusal and exception. This proposition has been sufficiently answered. It was not material that the witness should have yielded to the solicitations and inducements.

The next proposition was, that if the witness departed of her own volition, and not in pursuance of the proposals of the defendants, and did not conceal herself, then the jury should acquit the defendants. Refusal and exception. This exception is unfounded. It is not necessary that the object of the conspiracy should be effected. The indictment was sufficient; and no error was committed upon the trial. The conviction must be affirmed.

[ERIE GENERAL TERM, November 7, 1853. *Marvin, Bowen* and *Mullett,* Justices.]