facts for the purpose of proving the application of the libellous matter to the complainant, an innuendo is still necessary and essential in an indictment, to explain an ambiguous expression, claimed to be libellous and defamatory, and its absence in such case renders the indictment fatally defective. 1883. People v. Isaacs, 1 Crim. Rep. 148.

Under section 68 Code Crim. Pro. libel is not an infamous crime and was triable in the special sessions of Albany county. 1886. · People v. Parr, 4 Crim. Rep. 545; id. 5 Crim. Pro. 34.

Upon the trial of a defendant for the publication of a libel witnesses cannot testify that they recognized the complainant as the person referred to in the libel without stating the facts upon which such recognition was based. People v. Parr, 5 Crim. Rep. 34.

An indictment which contains no averment as to the manner of publication, whether by writing, printing or otherwise than by mere speech, or of the person or persons to whom it was addressed, or by whom it was seen or read, or that the names of such persons were unknown to the grand jurors, does not contain a plain and concise statement of the act constituting the crime. People v. Stark, 136 N. Y. 538; 10 Crim. Rep. 289.

Where, therefore, such an indictment contained an averment as to the manner of publication, or of the person or persons to whom it was addressed, or by whom it was seen or read, or that the names of such persons were unknown to the grand jurors, Held that the indictment was defective and a conviction under it error. People v. Stark, 136 N. Y. 538.

Indictment must charge that words were printed or written. People v. Stark, 59 Hun, 51.

---

# Supreme Court — Appellate Division — First Department.

April 19, 1901.

## THE PEOPLE v. JAMES PETERSEN.

(60 App. Div. 118; 103 St. Rep. 941.)

1. CONSPIRACY TO INSTITUTE FALSE ACTION—PENAL CODE, § 168.

It is no ground for the postponement of the trial of a charge of conspiracy to institute action that the said action is still pending in the Supreme Court.

2. SAME—MERGER.

The fact that the parties engaged in a conspiracy, happen in the completion of it, to do some other act incidental to and not necessarily

involved in it, such as subornation of perjury, but which renders them liable to conviction for felony, does not operate as a merger of the crime of conspiracy to commit the forbidden act in it.

3. SAME—ATTORNEY AND CLIENT—PRIVILEGED COMMUNICATION.

The complaint in a civil action which has been made public is not a confidential communication at all, and the attorney for the defendants in said action may be produced as a witness under compulsion to identify the original summons and complaint, although he was the attorney for the defendants in the criminal action for conspiracy.

4. SAME.

The refusal of the counsel of the defendants in a civil action to testify as to what was told to him by such defendants as to that action after he was retained, stood on another footing and was a privileged communication, and the court properly refused to allow him to testify in regard to such statements in a subsequent trial of conspiracy to bring action.

APPEAL from judgment of court of special sessions of city of New York convicting James Petersen of conspiring to falsely institute and maintain an action.

Vernon M. Davis, for appellant.

Charles E. Le Barbier, for respondent.

RUMSEY, J.—The charge was that Petersen, the defendant, with others conspired with one Christine Sjogren to falsely institute an action for breach of a contract of marriage against one Fischer-Hansen, which is made a conspiracy by section 168 of the Penal Code. The defendants Petersen and Christine Sjogren were tried and convicted in the court of special sessions, and sentenced. Petersen alone appeals. A reading of the testimony satisfies us that the evidence was ample to warrant the conclusion reached by the court, and the only questions which we deem it necessary to consider are those raised by certain exceptions taken to the rulings of the court.

At the beginning of the trial a motion was made on behalf of the defendants for a postponement upon the ground that the action in the supreme court brought by Sjogren against

Fischer-Hansen for damages for breach of promise of marriage was still pending. The court denied the motion, and this action of the court is insisted· upon as error. No reason was given why this motion .should have been granted. If the action in the supreme court had been determined, the judgment would not have been evidence in this case for or against either of the parties, and could have had no weight in the determination of the criminal charge.

It is claimed that there was error in denying the motion in arrest of judgment. The case shows that this motion was made "upon the usual grounds." The right to make that motion is given by section 467 of the Code of Criminal Procedure, and it may be made upon any of the grounds mentioned in section 323, which are the grounds upon which a demurrer may be interposed to an indictment. None of these grounds seem to have been interposed, nor did any of the defects there mentioned appear upon the trial; but it is claimed that the motion should have been granted for the reason that the charge against the defendants is a misdemeanor, that the proof shows that they were guilty either of perjury or subornation of perjury in carrying out the act which they conspired to commit, and that, therefore, the misdemeanor is merged in the perjury, and for that reason they cannot be put upon trial and convicted of a less offense. The charge against them was the conspiring to institute a false action. Before there could be a conviction on that charge it was necessary for the people to prove some act done to attain the object of it. Penal Code, section 171. The act done to effect the object of the conspiracy was necessarily the bringing of the action which was alleged to be falsely instituted. In the proof of that act it was shown that a verified complaint had been served. The subornation of perjury which it is said Petersen committed must have been the procuring of the verification of that complaint; but, if he was in that respect guilty of subornation of perjury, that act was not the doing of the thing for which the conspiracy was formed, but it was an incidental act, convenient, perhaps, to be

done to make the false action a success, but only incidental, and but one of the means which was to accomplish the performance of the particular thing which they had illegally agreed to do. Whatever may be the rule when it is made to appear that a felony has been committed in pursuance of an agreement between certain parties to do it, so that they have been guilty of a conspiracy before the felony is perpetrated, as to which we say nothing, it is quite clear that when the conspiracy is to commit a certain forbidden act, which may or may not be a crime, the fact that the parties engaged in the conspiracy happen, in the completion of it, to do some other act incidental to and not necessarily involved in it, but which renders them liable to a conviction for felony, does not operate as a merger of the crime of conspiring to commit the forbidden act in it. The only case in which one crime can be merged in another (if it can be merged then) is where the illegal agreement was to do the very thing which is finally done, and which, being finally done, is another crime of a greater degree. Whart. Cr. Law (9th Ed.) §§ 1342-1346. In the book just cited, the cases as to merger seem to be fully collected, and the circumstances which will result in a merger of one crime with another are thoroughly discussed. The precise question in this case seems to have been presented to the supreme court of New Jersey in the case of Johnson v. State, 26 N. J. Law, 313, where it was held that on an indictment for conspiracy the defendants might be convicted, although it appeared that they had accomplished the crime of committing perjury. The false oath is merely the means of accomplishing the crime, and not the same act.

On the trial the attorney for the defendants in the civil action was produced as a witness, and under compulsion presented the original summons and complaint in the action for damages for the breach of the promise of marriage, and identified it. It is claimed that it was error to permit him to do this, because he was the attorney for the defendants. But this testimony clearly did not come within his privilege. The only thing

which he was forbidden to disclose was a confidential communication. Code Civ. Pro. § 835. But the complaint in a civil action which had been made public is not a confidential communication at all, even if it could be said that it was in any sense a communication between the defendants and their attorney. Besides that, if this complaint was made for the purpose of carrying into effect the criminal act conspired to be done, the testimony was competent within the rules laid down in the case of Pierson v. People, 79 N. Y. 424, where it is said that the object of prohibiting the disclosure of confidential communications is to protect the client, and not to make the attorney an accomplice or to permit him to aid in the commission of a crime; and, where the confidential communication is made as a means to the commission of a crime, the one receiving it is nevertheless a competent witness.

It is said that the court erred in refusing to permit the counsel for Fischer-Hansen in the civil action to testify as to what was told to him with reference to that action after he was retained, but that clearly stands upon a different footing. Fischer-Hansen went to him as his attorney, and disclosed to him all the facts in the case. They are distinctly confidential, and are clearly within the provisions of the statute.

We have examined the other exceptions upon the trial, and are satisfied that they are not well taken, and that the judgment of conviction must be affirmed.

All concur