in a workmanlike manner." The defense was that the work was not properly done. The court gave judgment for the defendant.

[1] The plaintiff's assignor was not bound to satisfy the defendant. It was only bound to do the work in a manner that ought to satisfy. [2] Testimony was excluded tending to show that, assuming the condition of the fence as set to be as defendant's witnesses testified, it would cost a certain sum to remedy those defects. This was error. It is true that plaintiff can recover only if he had substantially performed his contract. But if the defects are not pervasive, do not amount to a deviation from the general plan, and are not so essential that they may not be remedied without difficulty, then the contract will be held substantially performed, and the plaintiff, who in good faith intended to comply with the contract, will be allowed to recover the contract price, less the amount requisite to indemnify the owner for the expense of conforming the work to the contract. Crouch v. Gutmann, 134 N. Y. 45, 31 N. E. 271, 30 Am. St. Rep. 608; Fuchs v. Saladino, 133 App. Div. 710, 118 N. Y. Supp. 172.

Without passing on the question of fact as to whether the contract was substantially performed or not, I think there should be a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

(71 Misc. Rep. 302.)

### PEOPLE v. SPIRO et al.

(Court of General Sessions, New York County.　March 15, 1911.)

1. CONSPIRACY (§ 43*)—OBSTRUCTION OF JUSTICE—INDICTMENT.

An indictment charging a conspiracy to prevent personal service of summons in mortgage foreclosure suits, and charging certain transfers in pursuance of the conspiracy, charged an offense of conspiracy to obstruct justice under Penal Law (Consol. Laws 1909, c. 40) § 580.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79–99; Dec. Dig. § 43.*]

2. CONTRACTS (§ 129*)—VALIDITY—CONSPIRACY TO OBSTRUCT JUSTICE.

An agreement among several persons for their common benefit to prevent personal service of summons in mortgage foreclosure suits is void as a conspiracy to obstruct justice.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 616–632; Dec. Dig. § 129.*]

Jacob Spiro and others being accused of conspiracy to obstruct justice, he demurs to the indictment. Demurrer overruled.

Charles S. Whitman, Dist. Atty. (Joseph Du Vivier, Asst. Dist. Atty., of counsel), for the People.

Taylor & Fatt (Isidore Fatt, of counsel), for defendant Spiro.

CRAIN, J. [1] The defendant Spiro demurs to an indictment drawn for the purpose of charging him and his codefendants with a violation of subdivision 6 of section 580 of the penal law. This enacts that:

"If two or more persons conspire * * * to commit any act for the * * * obstruction of justice, or the due administration of the laws, each of them is guilty of a misdemeanor."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

He asserts by his demurrer that it appears upon the face of the indictment that the facts stated therein do not constitute a crime, and that the indictment does not substantially conform to the requirements of sections 275, 276, and 278 of the Code of Criminal Procedure.

The indictment alleges: That on the 8th day of December, 1908, and at all the times therein mentioned, there were in the county of New York divers pieces of real property incumbered by and subject to the liens of certain mortgages theretofore executed thereupon. That on the date mentioned many of said mortgages were due and payable and many others about to become due and payable. That actions to foreclose many of such mortgages were then about to be commenced. That on the date mentioned the defendants (naming them), well knowing the premises, "did unlawfully * * * conspire, * * * illegally and fraudulently, for their own profit and gain, whenever thereafter an action should be commenced to foreclose a mortgage upon real property in the said county and it should appear to them practicable so to do, to prevent the personal service of the summons therein upon that defendant in such action who should be the owner of record of such real property, and to hinder and obstruct the plaintiffs in such actions and to delay them in obtaining such relief as they should be lawfully entitled to therein, by such dishonest * * * means * * * as they should thereafter deem available, to the great and manifest perversion and obstruction of justice and of the due administration of the laws."

The indictment then alleges, in substance, that certain of the defendants, naming them, "in pursuance and furtherance of and according to the said conspiracy, * * * and to effect the purposes thereof," procured certain persons in the indictment named to convey to certain of the defendants in the indictment named certain pieces of real property, in the indictment described, incumbered by certain mortgages about to be foreclosed, and that the deeds conveying such several pieces of property were recorded in the register's office of the county of New York at the instance of the defendants.

Thus it will be seen that the indictment alleges the making by Spiro and his codefendants of a certain agreement and the doing by them of certain acts to effect the object of such agreement. The indictment is sufficient if from its allegations it appears that the agreement as therein alleged was one to do an act unlawful either as a means or as an end, and that some overt act was done by one or more of the defendants to effect the object of such agreement. The agreement, as alleged in the indictment, was not merely for conformity or similarity of conduct on the part of the defendants. Their agreement, as so alleged, was for mutual aid and assistance whenever any of their number should be a defendant in a foreclosure action in preventing personal service of the summons therein on said defendant, and in hindering and obstructing the plaintiff therein in obtaining such judgment as he might be entitled to. The end or object of the agreement, as set forth in the indictment, was unlawful, in that by it, counter to public policy, each defendant bound himself to delay, hinder, and obstruct contemplated litigation, regardless of whether he was or was not to become a party to the

same. While it is true that obstruction to litigation is not per se unlawful, and that as a consequence a defendant in a foreclosure action acting for his own profit and not the injury of another may, without criminality, for the purpose of securing delay, so comport himself as to force the person suing him to use less speedy process and to proceed by less expeditious methods than such person otherwise might, it is against public policy and therefore unlawful for a person as in the case at bar about to become a party defendant to an action to obligate himself to third parties—that is to say, parties who will not be proper parties defendant in such action to delay, hinder, and obstruct the plaintiff therein. This is for the reason, among others, that public policy requires that the course of litigation within legal limits shall rest in the free and uncontrolled will of the parties to the same.

[2] Under the agreement, as set forth in the indictment, that one of the defendants becoming a party defendant to the foreclosure action and not wishing to delay the same would find himself constrained to do so at the behest of persons not parties to the same (being the codefendants in the indictment) because he had obligated himself to them in that behalf, while in reality such constraint would not exist, as such an agreement owing to public policy would be unenforceable at the instance of such parties, the fact that it was unenforceable as against public policy would result from the circumstance that it unlawfully tended to the obstruction of justice.

It is perhaps also true that the indictment sufficiently alleges the illegality of the means agreed to be used by the defendants to sustain it under the authority of People v. Willis, 158 N. Y. 392, 53 N. E. 29.

It follows that as the indictment sets forth an agreement having an unlawful end or object, to wit, one made criminal by subdivision 6 of section 580 of the penal law, it is sufficient, and the demurrer must be disallowed.

---

(70 Misc. Rep. 446.)

### PEOPLE v. LEE.

(Court of General Sessions, New York County. January, 1911.)

1. INDICTMENT AND INFORMATION (§ 10*)—FINDINGS—HEARING IN ONE PROCEEDING AS EVIDENCE OF OTHER CRIMES.

As a grand jury might hear evidence in separate proceedings on any number of charges against an accused for violations of law, there is no impropriety in hearing in one proceeding evidence of related or unrelated crimes, provided in its last analysis each indictment is sustained by legal evidence.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 50–61; Dec. Dig. § 10.*]

2. EXTORTION (§ 13*)—SUFFICIENCY OF INDICTMENT.

An indictment for extortion charging that certain money, the property of T. and B., partners under a certain firm name, was feloniously received by accused from such partners with their consent by reason of a wrongful use of "fear on the part of said copartners, induced by accused by means of a threat" to such partners to injure and prevent them from properly and profitably carrying on their business in a certain par-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes