THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HERBERT W. HUNTER and Others, Defendants.

Court of General Sessions, New York County, February 24, 1931.

*Thomas C. T. Crain, District Attorney [Felix C. Benvenga, Assistant District Attorney,* of counsel; *John C. McDermott, Deputy Assistant District Attorney,* with him on the brief], for the plaintiff.

*Hartman, Sheridan, Tekulsky & Pecora [Ferdinand Pecora* and *Harry C. Kane* of counsel], for the defendants.

ROSALSKY, J. The defendants Schwartz and Drucker are lawyers. They represented the defendant Hunter in the City Magistrates' Court upon a charge of an attempt to commit the crime of extortion. As such lawyers, they had in their possession a statement prepared by the defendant Hunter, which they had used with his consent, in an attempt to force a settlement of a civil action about to be instituted for the recovery of $75,000 from William E. Willard, the complaining witness, by threatening to expose and impute to him a disgrace and to charge him with the commission of a larceny. A *subpœna duces tecum* was served upon Schwartz and Drucker, requiring them to produce this statement at the examination of the charge against Hunter in the Magistrates' Court. Schwartz and Drucker objected to the surrender of the statement upon the ground that its compulsory production by them would violate the constitutional rights of the defendant Hunter, as it would be compelling him, under constraint of process, to give testimony against himself (N. Y. Const. art. 1, § 6), but after some argument they turned over the statement to the magistrate, who impounded it. The defendant Hunter was held for the action of the grand jury.

Although there was not the slightest intimation in the Magistrates' Court that Schwartz and Drucker were concerned with Hunter in the commission of the alleged crime of attempted extortion, the grand jury, nevertheless, indicted them and Hunter upon said charge.

The defendant Hunter now insists that the use of the statement as evidence before the grand jury violated his rights under the provision of the State Constitution (*supra*) which gives immunity against compulsory self-incrimination.

There is no doubt that a defendant is protected from producing his documents, whether they are contraband, illegal or incriminating, pursuant to a *subpœna duces tecum,* " for his production of them in court would be his voucher of their genuineness." (*Haywood* v. *U. S.,* 268 Fed. 795, 802.) There would then be testimonial com-

pulsion (*People* v. *Defore*, 242 N. Y. 13, 27; Wigmore Ev. §§ 2263, 2264), which would constitute a violation of his constitutional rights.

There is also no doubt that the possession by an attorney representing a defendant of documents and books belonging to him which are not contraband, illegal or incriminating, even though they may supply evidence of guilt, has always been regarded as the possession of the defendant, and, therefore, his attorney cannot be required to produce them.

A different situation, however, obtains where an attorney has in his possession documents delivered to him by a defendant which the attorney uses with his consent in furtherance of any criminal or fraudulent purpose. In such a case the attorney may be compelled to give testimony concerning the documents because " where the confidential communication is made as a means to the commission of a crime, the one receiving it is nevertheless a competent witness." (*People* v. *Peterson*, 60 App. Div. 118.) . (See, also, *Queen* v. *Cox*, L. R. [14 Q. B. D.] 153; *Alexander* v. *United States*, 138 U. S. 353; *Matthews* v. *Hoagland*, 48 N. J. Eq. 455, 469; *Coveney* v. *Tannahill*, 1 Hill, 33, 35, 41; Wigmore Ev. § 2298.)

If an attorney may be compelled to give testimony concerning a document which was used by him with the consent of the defendant in furtherance of a crime, I am of the opinion that the attorney may be compelled to produce the document itself under a *subpœna duces tecum*. If in the first instance the defendant is not protected by the statute governing privileged communications between attorney and client, it seems clear that in the second instance the defendant is not protected by the constitutional provision against compulsory self-incrimination. The underlying principle in both instances is the same.

Of course, an attorney could decline to produce a document or testify concerning it upon the ground that he was a co-conspirator.

In *People* v. *Minkowitz* (220 N. Y. 399, 403) the court said: " We do not say, neither do we decide, that in every case a lawyer who appears for a defendant in a criminal action may not be compelled to produce, by *subpœna duces tecum*, papers which he has in his possession and which are necessary for the prosecution." This excerpt is fraught with meaning. I think it clearly indicates that where a lawyer is consulted by a client for an unlawful purpose and he voluntarily delivers incriminating documents to the lawyer, who uses them with the consent of the client in furtherance of a scheme to commit a crime, and the lawyer is subsequently served with a *subpœna duces tecum* for their production, the client cannot invoke the constitutional protection against compulsory self-incrimination, since testimonial compulsion is not directed against

him. He is not compelled to produce an incriminating document in his possession, but his lawyer, to whom he voluntarily delivered the document in furtherance of an unlawful purpose, is compelled to do so. In this situation, possession of the document by the lawyer is not the possession of the defendant.

I have carefully read the record of the proceedings before the grand jury, and I am satisfied that there was sufficient legal evidence presented to it to connect the defendants Hunter and Drucker with the attempt to commit the crime charged against them in the indictment, but as to the defendant Schwartz the evidence is too meagre to show that he aided and abetted the other two defendants so as to connect him with the crime charged against them.

The motion to set aside the indictment as to the defendants Drucker and Hunter is denied, but as to the defendant Schwartz it is granted, with leave to the district attorney to resubmit the charge to the same or another grand jury.