THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CHARLES V. McCUE, Defendant.

Court of General Sessions, New York County, April 8, 1931.

*Thomas C. T. Crain, District Attorney [William R. Maloney* and *Robert Daru* of counsel], for the plaintiff.

*Forrest S. Chilton,* for the defendant.

NOTT, J. The defendant has been indicted, charged with a conspiracy " to commit an act injurious to the  *  *  *  public

morals and for the perversion and obstruction of justice and of the due administration of the laws, that is to say, willfully and unlawfully to cause and procure false testimony to be given charging the said Herman Pomeranz with having committed the offense of adultery with the said Betty L. Bowman, and by means of such false testimony to cause a decree of absolute divorce in favor of the said Yetta Pomeranz and against the said Herman Pomeranz unlawfully to be issued." The indictment then alleges seven overt acts performed by the defendant in furtherance of the conspiracy, alleging as to each' one of them that it was performed " in furtherance of the said conspiracy, combination, confederation and agreement and to effect the objects thereof."

It appears from the face of the indictment that the defendant was a private detective and that Yetta Pomeranz was desirous of obtaining a decree of divorce from her husband, Herman Pomeranz, a physician. The overt acts, as alleged in the indictment, consisted of, (1) that the defendant procured one Betty Bowman to register and occupy a room in a certain hotel; (2) that he gave her money to cover the expenses of such sojourn; (3) that Betty Bowman called upon Doctor Pomeranz to visit her in the said room on the pretense that she was ill; (4) that Betty Bowman again caused Doctor Pomeranz to visit her in the said room while she was undressed and in bed; (5) that the defendant entered into said room accompanied by other persons while Doctor Pomeranz was there and the said Betty Bowman was undressed and in bed; (6) that the defendant served a summons in a divorce action upon Doctor Pomeranz four days after he had found Doctor Pomeranz in company with Betty Bowman, as aforementioned; (7) that the defendant paid the said Betty Bowman thereafter $250 for her services.

It is evident that the indictment cannot be supported as a conspiracy to do an act injurious to public morals but charges an act for the perversion and obstruction of justice and the due administration of the law.

The defendant demurs on the grounds, *first*, that the indictment on its face charges no crime in that a conspiracy to procure false testimony in an action that has not been begun is not criminal; and *second*, in that the indictment fails to allege an act done to effect the object of the conspiracy within the meaning of section 583 of the Penal Law.

As to the first objection, in the case of *People* v. *Chase* (16 Barb. 495) it was held that a conviction of conspiracy for the perversion or obstruction of justice would be sustained where the defendant had procured a witness to withdraw and conceal herself in order

to prevent being called as a witness before the grand jury, prior to the presentation of the case to the grand jury.

In the case of *People* v. *Spiro* (71 Misc. 362) an indictment for a similar offense under the same subdivision of the statute was sustained on demurrer, where the conspiracy was entered into between certain mortgagors who agreed to hinder and obstruct the mortgagee from obtaining a judgment of foreclosure, if and when such an action of foreclosure might be brought.

In both of these cases each defendant in the conspiracy case contemplated being a defendant in actions to be brought against him. His acts were held to obstruct justice and the due administration of the law. In the case now before me the defendant was alleged to have acted in aid of a contemplated plaintiff, and it may be argued that his acts would amount to an effort for the perversion of justice and the due administration of the law rather than an obstruction. In my opinion, however, this is immaterial for the reason that I do not think the courts had it in mind to draw such a fine distinction between acts done in perversion of justice and acts in obstruction of justice so as to make the latter criminal where performed in relation to a contemplated action and the former not criminal.

Under the above decisions, therefore, I am of the opinion that the fact that the action had not been begun at the time of the formation of the alleged conspiracy does not make the indictment bad on demurrer.

As to the second ground alleged, it may well be that upon the trial the People will be obliged to prove that the alleged overt acts were done in furtherance of the conspiracy, that is to say, that they will have to prove that the procuring of Betty Bowman to inveigle Doctor Pomeranz into a room under compromising circumstances is directly connected with the summons that was thereafter served. That will be a matter of proof upon the trial. The court, however, is not now concerned with matters of proof, but only with the allegations of the indictment and the indictment directly alleges that each and every one of the overt acts was performed " in furtherance of the said conspiracy and to effect the objects thereof." I, therefore, do not consider that on the second ground urged the indictment is bad upon demurrer.

It follows, therefore, that the demurrer must be overruled, with leave to the defendant to plead again.